1  Brenton R. Babcock (SBN 162,120)
   bbabcock@kmob.com
2  Kent Shum (SBN 259,189)
   kent.shum@kmob.com
3  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street
4  Fourteenth Floor
   Irvine, CA  92614
5  Phone: (949) 760-0404
   Facsimile: (949) 760-9502

6
   Attorneys for Plaintiffs
7  EDGE SYSTEMS CORPORATION and
   AXIA MEDSCIENCES, LLC
8
   Michael J. Song (SBN 243675)
9  MSong@perkinscoie.com
   PERKINS COIE LLP
10 1888 Century Park East, Suite 1700
   Los Angeles, CA 90067-1721
11 Telephone: (310) 788-9900
   Facsimile: (310) 788-3399
12
   Attorneys for Defendants
13 BIO-THERAPEUTIC, INC. and
   MICRO CURRENT TECHNOLOGY, INC.

JS-6

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDGE SYSTEMS CORPORATION, a California corporation, and AXIA MEDSCIENCES, LLC,, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>BIO-THERAPEUTIC, INC., a Washington corporation, and MICRO CURRENT TECHNOLOGY, INC., a Washington corporation,<br><br>Defendants. | Civil Action No. 2:11-cv-04993-JFW-(AGRx)<br><br>**STIPULATED PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE;  ORDER THEREON** |

This case having come before this Court, and it being represented to the Court that Plaintiffs and Counterclaim Defendants Edge Systems Corporation and Axia MedSciences, LLC (collectively "Edge") and Defendants and Counterclaimants Micro Current Technology, Inc., d/b/a Bio-Therapeutic, Inc. ("BT") have compromised and settled the matters in dispute, IT IS HEREBY ORDERED, ADJUDICATED and DECREED as follows:

## PERMANENT INJUNCTION ORDER

Having considered the STIPULATION of the parties, and for good cause shown, IT IS HEREBY ORDERED THAT:

1. This Court has jurisdiction over the parties and the subject matter in this case.

2. Venue is proper in this judicial district.

3. Pursuant to 35 U.S.C. § 283, as of the date of this Court's Order, BT, and any of its employees, agents, representatives, subsidiaries, directors, principals, officers, successors, and assigns, and all others acting in concert or participation with BT who receive actual notice of this Order, SHALL BE PERMANENTLY ENJOINED AND RESTRAINED from all importing, manufacturing, marketing, advertising, using, offering for sale, and selling of all "wet" microdermabrasion machines and machine-specific accessories in the United States (with the following exception to the aforementioned "offering for sale": BT is permitted to coordinate foreign-to-foreign transactions from Seattle, Washington (*i.e.*, phone calls and paperwork), but the products offered for sale by BT shall be manufactured outside the United States, shall be delivered to the end customer outside the United States, and shall never enter the United States), which includes the following products:

    a. The accused "wet" microdermabrasion machines and machine-specific accessories, including: the accused BT Bio-Hydroderm microdermabrasion machine, the accused BT Bio-Hydrotip

-1-

microdermabrasion machine, and the accused BT AQUAFUSE microdermabrasion fluid (and any other consumable) in containers designed to fit such machines;

    b.    Any "wet" microdermabrasion machine (*i.e.*, a machine that has the capability of both delivering a fluid and using an abrasive tip, either simultaneously or sequentially) that is not colorably different from the accused "wet" microdermabrasion machines with respect to the claims of the asserted patents;

    c.    Any microdermabrasion machine that has the capability of both delivering a fluid and using an abrasive tip, either simultaneously or sequentially;

    d.    The phrase "microdermabrasion machines and machine-specific accessories" as used herein includes all tips, fluids, and other consumables used in conjunction with a "wet" microdermabrasion system that are specifically adapted for use with such a system, including BT's accused "wet" microdermabrasion systems and Edge's "wet" microdermabrasion systems, but does not include any tips, fluids, or other consumables that are designed generically such that they could be used with a "dry" microdermabrasion machine (as defined below) or fluids that are used topically and applied by hand; and

    e.    A "dry" microdermabrasion machine is defined as any microdermabrasion machine that uses crystals or an abrasive tip but (a) does not deliver a fluid and (b) cannot be adapted for use with a fluid without significant modification.

4.    This Court SHALL RETAIN JURISDICTION of this action to the extent necessary to ensure full compliance with all obligations imposed by the Permanent Injunction Order, including the enforcement this Stipulated

Permanent Injunction by way of contempt or otherwise. The obligations of the parties, as set forth in the Stipulated Permanent Injunction SHALL BE ENFORCED, if necessary, exclusively by this Court.

5. If in the future either party files suit against the other party vis-à-vis the Asserted Patents, the filing party SHALL FILE SUIT in the United States District Court for the Central District of California and, pursuant to Local Rule 4.3.1, simultaneously file a Notice of Related Case with the Court identifying this dismissed action.

6. BT has waived any appeal of the Stipulated Permanent Injunction.

7. Each of the parties SHALL BEAR ITS OWN COSTS AND ITS OWN ATTORNEYS' FEES.

8. This is a final judgment. Subject to this Court's limited retention of jurisdiction as set forth above, all claims and counterclaims filed in this action SHALL BE DISMISSED from this action WITH PREJUDICE.

9. Having addressed each of the claims and counterclaims in this action, this case SHALL BE CLOSED.


Dated: October 12, 2011          _____
                                  DISTRICT COURT JUDGE

11820536